JULIE A. MERSCH, ESQ.
Nevada Bar No. 004695
LAW OFFICE OF JULIE A. MERSCH
1100 E. Bridger Ave.
Las Vegas, NV 89101
(702) 387-5868
Fax: (702) 387-0109
jam@merschlaw.com
*Attorney for Plaintiff Toby Walmsley*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TOBY WALMSLEY, | CASE NO.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, as Claims Administrator of the Universal Health Services, Inc. Long-Term Disability Plan; DOES I through V; and ROE CORPORATIONS I thru inclusive, | |
| Defendants. | |

Plaintiff TOBY WALMSLEY, by and through her attorney, JULIE A. MERSCH, ESQ., complains and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief and disability benefits owed, and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

2. This Court has subject matter jurisdiction under ERISA, 29 U.S.C. § 1132(e)(1); and general federal jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district, pursuant to 29 U.S.C. § 1132(e)(2).

### GENERAL ALLEGATIONS

4. Plaintiff TOBY WALMSLEY ("WALMSLEY") at all times relevant was a qualified participant in the Universal Health Services, Inc. Long-Term Disability Plan ("subject plan") within the meaning of 29 USCA § 1002(7) of ERISA.

5.    At all times relevant, Universal Health Services, Inc. was WALMSLEY's employer and the Plan Administrator of the subject Plan. As such, Universal Health Services, Inc. was responsible for controlling and managing the operation and administration of the plan.

6.    Defendant HARTFORD LIFE & ACCIDENT INSURANCE COMPANY ("HARTFORD") is Universal Health Services, Inc.'s agent and the designated Claims Administrator of the subject Plan. Thus, HARTFORD was and is a fiduciary with respect to the Plan as that term is defined pursuant to 29 U.S.C. § 1002(21)(A).

7.    Upon information and belief, HARTFORD fully insures the subject Plan and performs claims handling functions for the subject Plan, including the ultimate decision of whether to accept, deny, or terminate a claim.

8.    The court's review of Plaintiff's claim denial is *de novo*.

9.    Pursuant to the terms of the subject Plan, Plaintiff made a claim to HARTFORD for short-term and long-term disability benefits. Specifically, while Plaintiff was covered under the subject Plan, she suffered a disability beginning on 12/16/15 as a result of, *inter alia*, scoliosis, lumbar spondylosis with radiculopathy, and fibromyalgia.

10.    As set forth below, HARTFORD accepted and paid WALMSLEY's short-term and long-term disability claims from on or about 12/17/15 - 3/15/16 (short-term) and from on or about 3/16/16 - 3/15/18, the end of the "own occupation" definition of Disability.

11.    As set forth in the subject Plan, **Disability or Disabled** means you are prevented from performing one or more of the Essential Duties of:

> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation.
>
> **Essential Duty** means a duty that:
> 1) is substantial, not incidental;
> 2) is fundamental or inherent to the occupation, and
> 3) cannot be reasonably omitted or changed.
> Your ability to work the number of hours in Your regularly scheduled work week is an Essential Duty.

Id. at 18.

**Any Occupation** means any occupation for which You are qualified by education,

training or experience, and that has an earnings potential greater than the lesser of:
1) the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or
2) the Maximum Monthly Benefit.

Id. at 22.

12. WALMSLEY worked as a Registered Nurse II, a medium duty position, for her employer Universal Health Services, Inc. As stated, HARTFORD paid LTD benefits to WALMSLEY for 24 months based on whether she could perform the Essential Duties of her own occupation as a nurse.

13. HARTFORD paid WALMSLEY "own occupation" LTD benefits until February 28, 2018. On September 12, 2018, WALMSLEY appealed the termination of "own occupation" benefits.

14. On November 30, 2018, HARTFORD overturned its termination of benefits and paid WALMSLEY the remaining fifteen (15) days of "own occupation" benefits through March 15, 2018.

15. Eighteen (18) days later, on December 18, 2018, HARTFORD terminated LTD benefits again, beyond 3/15/18 (the end of the 24 month "own occupation" period). In the termination letter, HARTFORD determined that WALMSLEY was not disabled from Any Occupation.

16. The Social Security Administration ("SSA") awarded Plaintiff Social Security Disability Benefits ("SSDIB") in a letter dated January 3, 2017 with a disability date of December 16, 2015. HARTFORD subsequently exercised its right under the subject Plan to recoup the overpayment it had made to her while she was awaiting the award from the SSA.

17. On June 14, 2019, Plaintiff appealed the denial of "any occupation" LTD benefits.

18. On or about August 9, 2019, HARTFORD denied Plaintiff's appeal.

19. The appeal denial letter advised WALMSLEY that the decision was HARTFORD's final decision on the claim and further advised her of her right to file a federal lawsuit under ERISA.

/ / / /

**Claim for Relief: Wrongful Denial of Benefits under ERISA**
**§502(a)(1)(B), 29 U.S.C. §1132 (A)(1)(B)**

20. Paragraphs 1-19 are incorporated by reference as if fully set forth herein.

21. Defendant has wrongfully terminated long-term disability benefits to Plaintiff in violation of the subject Plan, ERISA, and interpretive case law for reasons including, but not limited to:

   a. Hartford failed to meaningfully consider the unrebutted, unchallenged, and well-grounded findings of the Functional Capacity Evaluation (FCE) performed over two days submitted by WALMSLEY on appeal that demonstrated beyond cavil that she was incapable of any sustained work activity;

   b. Hartford failed to conduct an Independent Medical Examination despite the fact that its own claim file indicated its intent to order such an examination and WALMSLEY provided objective and subjective evidence that her medical conditions prevented her from performing the Essential Duties of Any Occupation;

   c. Hartford failed to meaningfully consider WALMSLEY's appeal letter and facts in support of payment of Any Occupation benefits. While the Appeal Denial Letter dated August 9, 2019 generally summarized WALMSLEY's Appeal Letter dated June 14, 2019, it based its decision to deny her appeal on a paper review conducted by Dr. Roger Kasendorf, without any explanation to WALMSLEY why her medical providers' opinions and Dr. Becker's testing and conclusions were not persuasive evidence in support of Disability from Any Occupation.

   d. Hartford also ignored the evidence submitted by WALMSLEY provided as part of her appeal letters dated 9/12/18 and 6/14/19, detailing her subjective complaints affecting work ability and her sister's personal observations of WALMSLEY's medical deterioration over time, to the point that she had to move in with her sister for assistance with her daily activities and overall oversight of her well-being;

   e. Hartford required WALMSLEY to file for Social Security Disability (SSDI) benefits and sought recoupment of its overpayment to her once she was awarded SSDI benefits (as of a disability date of December 16, 2015), but then ignored the SSA's determination of total

1 disability from any gainful employment.

2     f. Hartford only provided its peer review report (and not WALMSLEY's FCE and medical reports) to its vocational assessment examiner.

4     22. As a result of the foregoing actions and inactions, DEFENDANT has failed to pay WALMSLEY long-term disability benefits from 3/16/18 to the present.

## PRAYER FOR RELIEF

23. WALMSLEY respectfully requests that this Court review the termination of benefits and appeal denial in this case and declare that she is entitled to: 1) past long-term disability benefits from 3/16/18 through the present; 2) an award of pre-judgment and post-judgment interest; and 3) payment of attorney's fees and costs associated with attempting to secure the benefits owed to him pursuant to ERISA §502(g)(1), 29 U.S.C. §1132(g)(1); and 4) any other appropriate relief allowed under law.

DATED this 22nd day of November, 2019.

    LAW OFFICE OF JULIE A. MERSCH

By:    /s/ Julie A. Mersch
    JULIE A. MERSCH, ESQ.
    Nevada Bar No. 004695
    1100 E. Bridger Ave.
    Las Vegas, Nevada 89101
    *Attorney for Plaintiff Toby Walmsley*

W:\WALMSLEY\PLDGS\Complaint.wpd